Okay, Mr. Cook, when you're ready. Good morning, Your Honor. This case involves two errors by the district court. The first is by adding the term, by requiring that all the operands present in the instruction groups be right justified. That's a claim, that's a term that does not appear in the claims and it was added by the district court on the theory that there was a disclaimer or disavow of anything short of that. The second issue is that also that the district court erred by construing the term operand to mean that operands had to be variable with operands. But that latter construction is not part of the judgment, right? Yes, it is. The judgment doesn't rest on it. Oh, not part of the judgment, that's right. No, but we don't usually sit here and sort of give advisory opinions about things that aren't involved in the judgment. The judgment was based on non-infringement. But based on the construction of instruction groups, right? That was part of it, yes. Part of it? What's the rest of it? Well, the term operand is also part of it. It was not spelled out in the judgment, Your Honor. It wasn't intended to be comprehensive. It was simply intended to recite and make sure that we did cover the instruction group limitation. I thought the judgment was limited to the instruction group interpretation. Am I mistaken? It called that out, but it was not limited. Where's the—I mean, look at page 2 of the appendix. It says plaintiff stipulate based on the foregoing construction of instruction groups that none of the products infringe. That doesn't have anything to do with this other claim construction, does it? It was not intended to be limited, Your Honor. Well, I don't understand what that means. I mean, we've got a judgment here that's based on the construction of instruction groups. How do we get this other construction to be part of the judgment? Where's the language that makes the judgment depend on that? It was part of the Markman ruling on which— Well, so what? You can have in a Markman hearing, you can construe 20 terms. That doesn't mean that the judgment rests on interpretation of all 20 terms. The stipulation of non-infringement only involves instruction groups, correct? That is correct, yes. Back to your first point, what is there— in the gray brief, in the reply brief, you, again, repeat that it doesn't require— that the claim doesn't require that the operands be right justified, and you note that there are alternative ways to locate the operand relative to the boundary. Do you want to give us some alternatives? No, there were no—that's not correct. There were no—the only ways to locate—I'm sorry, in the patent specification, the only mention of a way to locate the operand was a right justified operand. That doesn't—it was not—the claims were not limited, though, to locating the operand. The claims were— So your argument must be that the operand does not have to be right justified. That's right. That it can be something else. Absolutely. Are there instances—oh, I'm sorry. What's the something else? That's just what I'm getting at. Well, it could be left justified, or it could be in a different location. Are there any actual instances where the operand is not right justified? Either or not. So it's right justified even when the instruction is fetch via PC and load literal, or skip micro loop branch and call. It's always right justified. That's the way the microprocessor was built. What are we to make out of the—if you look at the JA103, okay, do you have that there? Okay. This is an unusual patent, at least as I understand it, because the description—the heading here is detailed description of the invention, whereas most patents that I've seen talk about detailed description of the preferred embodiment. And this difference could be significant here because you're basically claiming that the right justified language is addressed to the preferred embodiment rather than to the invention as a whole. So why does it have this unusual title in here? I don't think that there was any intention. I don't think a person of ordinary skill in the art would construe this to be a single invention. There were many inventions. But, I mean, the title's unusual, isn't it? I've never seen another patent with a title like this. I don't know. You're right. I mean, a common way to do it is to talk about the detailed description, period. Of the preferred embodiment, it says. Or adding that phrase, yeah. Going back to Judge Hoffman, I must have misunderstood what you said because I thought your answer to the question was that the claim does compel that the operands be right justified. Oh, no. Okay. So... No, I thought the question was whether or not there are any examples in the specification. Oh, okay. Is there anything in the intrinsic record at all that would suggest that we're talking about anything other than right justified? Yes, there is. Okay. The claim, starting with the claim language itself, the claim language states a broader concept of locating instructions and operating operands in terms of where they are located within the boundaries of the instruction group. At a predetermined position. At a predetermined position. That's broad language. Okay. And the alternatives there, you think that covers right justified and any other alternatives that could cover? Yes, it does. Okay. And perhaps the best place to understand the breadth of this is to go look at the last amendment, Amendment F, where the patent examiner then asked the applicants to say where this concept is shown in the patent. And they listed six different instructions. And showed where in the application each of those instructions was described. And it stated the concept very broadly. How does that help? Where does that suggest that the operand doesn't have to be right justified? Because the claims call for a broad concept and the patent illustrates a broad concept. What I mean, I don't understand what you mean by broad concept. You mean that it doesn't have to be right justified? Yes. Well, where in the prosecution history is there a suggestion that it doesn't have to be right justified? Because I see three instances, I think, where it says that it does have to be right justified. Well, there are three places in the prosecution where the term right justified is referred to. Twice the language from the specification is repeated. And once the phrase right justified appears independently. But why shouldn't we read those references as suggesting that in order to get the patent allowed, it was described as requiring right justification? In none of those was that, in two of those, the reference to right justified was being used to illustrate the broader language. The language of locating the operand or the instruction relative to the position within the instruction group. Throughout the prosecution, there was this, the last three or four, at least five, all four office actions had a 112 objection. And the examiner was asking, what does this mean? Not just prior art, but also what does this mean? And so every time to reject, to overcome the rejection of prior art, the phrase locating relative to position in the instruction group was the phrase. Then an example would be given. And in several instances, the example was the right justified language. But it was always in that context, a two-tiered argument. Here is the concept and here is the example. Could you show me where, I read the prosecution history. I didn't see that these references to right justification were just talking about examples. They seem to be describing the invention as a whole. Show me some language where this is described as just relating to one of the examples. Well, each place, there is one place where it doesn't. And that's where they talk about claims 88 to 90. And claims 88 to 90 were means for determining the width of said operand, and said width being related to the position in said instruction register, one of said instructions. That is a variable width operand invention. And that's the invention that's the immediate jump invention that has that magic must language in it to describe it. But there... I think he was asking you examples that supported your position. I wanted to make my point and then go to your question. The other two places, one was at page 10 of the... This is at pages 12 to 13 of the June 97... What was the appendix page? That would be, it starts at 326. 326? And it should be at 330. So you see here, this is the claims 88 to 90 example. And this is the first place where this issue arises. So 88 to 90, those claims are specifically limited to the variable width operand invention, which is the very narrow invention. So you're suggesting that this is saying that it only has to be right justified in those circumstances? Yes. Where does the language support that? It doesn't even say that. Again, here is where they're talking about... Where's the explanation? The explanation is starting at the base of page 12 on 337, and then the illustration of it is by reference to the quoted language from the specification over on page 13. And again, it's this magic must language that arms... I'm sorry, what are you saying? Are you pointing us to what, 338 now? Yes. The whole argument, it begins over on page 12, the bottom paragraph. That's 337. It's easier, I think, if you use that. Well, what about the language that precedes that on 335? At the bottom of the first paragraph, the processor in the instant case solves this problem by placing the operands always in the same place within the instruction group, so that they are in a fixed place. And that's a broad statement of the invention. That is the... When I say right justified, it states it broadly, the same breadth as the claim. But fixed place sounds as though it has to be the same all the time. It is. And you're saying it doesn't have to be the same all the time, that it could be either right justified or left justified. No? No. You're saying the invention allows you to use different places. And this says that the invented processor, I presume the processor here, which is the invention, solves this problem by placing the operands in the same place within an instruction group. That's correct. Always. That's correct. Not necessarily right justified. The way the claim has been construed by the court, if it's put in the same position always, it has to be right justified. That is not the invention. The invention is having the instructions where the operands and the instructions are always in the same place at the same time. They are not necessarily, though, right justified. It has to be consistent, but it doesn't have to be always right justified. But you still have the problem that there are these three references in the prosecution history, two of them quoting the specifications saying that it must be right justified. But again, in each instance, it's the first one that was over on 336 and 337, 337 and 338, there is where it's referring to 8890 claims. And this is simply supporting the feature described. See, it says the examiner has rejected 8890 as unpatentable over May. While both May and the instant case involve variable length operands, May does not contemplate the variable length operand technique contemplated by the pending claims. May teaches the building of variable length operands four bits at a time by successively executing instructions that each supply an additional four bits. That's very different. May is constructing these operands four bits at a time. The invention is putting them in a single place. Yeah, but at the second line on page 338, it says this feature of the invention is described at page 33, lines 8 to 28. And then it quotes the right justified requirement. So it seems like a general statement. It talks about it being a feature of the invention. It was not argued as such. It was simply quoted to support. This was, again, a... But it doesn't say this feature of this particular embodiment or this feature under these circumstances. It says this feature of the invention. I will grant you that, Bill. Yeah, OK. Each of the other two instances... Again, the second one occurs at 367. And there, again... The right justified language is given as an example as opposed to how the claims are implemented. Where's the language that says it's an example? 367. Where in the cake? OK. It's in the middle where it says page 33. Discuss variable with operands associated with jump type. Right. And that goes back to the previous page. The examiner desired to know where this aspect of the invention was taught in the application as filed. And so the teaching locations of these... This is one of multiple locations in the specification that teaches this concept of locating instructions and operands relative to their position in the instruction group. All right, so where's the third example? This is in the final amendment, which starts at 361. Excuse me, we just did that one. The one before that was... We didn't do one on 361. We did 367. Oh, that's the same thing. OK. And then the one before that is at page 9-10 of the amendment starting at 347. OK. 347. 247. 247. What page? It begins at 355. 355. 355 is the reference. Now, where's the reference to right justify? Let's see. It's over on page 10. Um... Line 6 on 355 refers to operands right justify. Yes. Is that what you're looking for? I think so, yes. But how does that support what you're saying? Again, this isn't listed as the invention. This is simply... It says the claims have been rewritten at the top. Claims have been rewritten to make the language more definite and to define the invention better over the prior art to specify more clearly that the operand and instructions are located relative to a boundary of the instruction group. So there again is the broad statement that appears in the claims, located relative to a boundary, and then... Where were you just reading from? At the top of 355. Oh, OK. I mean, I read this to really support the other side, I must tell you, so maybe you can point out where I'm wrong. It seems to me this statement says that they're defining predetermined location to be right operands being right justified. So point me to why that's not true. I have a very simple point to make, and maybe I'm not getting it across, or maybe I am getting it across and you don't agree. The claim talks in terms of locating operands and instructions by their position in the instruction group, relative to the boundary of the instruction group. That position could be here or here or here. Well, that's the question. Probably by the invention. That's right. And then where does... And then in the 112, because there was always a 112 rejection, throughout of all of these, the patent applicant consistently then would refer to the language of the spec where this was proven, where this existed. It's not like SciMed or Honeywell, where the prior art is being disparaged because it didn't have right justified, or the prior art is saying that we've got an invention here because we are right justified here. But it is saying that the invention is right justified. That seems a little bit... In every instance we have an invention here because there is a predetermined position, and here is the example, right justified. So you're saying your invention is the predetermined position wherever that position may be. Correct. That's correct. And what language most supports that reading? The claim language and the instances where I showed in the... And here is one of those examples where the difference over the prior art is always defined in terms of the predetermined position, and then the right justified is given as one of the examples. There are other examples. The question is, is it an example, or is it a disclaimer of anything other than right justification? That is the issue. I can't make my argument any better or clearer. That is the issue, and that is the way we read this. Okay. Thank you, Mr. Cook. We'll restore two minutes of your remodel time. Mr. Anderson. Good morning, Your Honor. May it please the Court, I'm Kevin Anderson here on behalf of the Defendant Bar Amenities. This is not the situation in which the district court imported some oblique, unstated feature from the specification into the claims. But he clearly defined the claims much more narrowly than I did. That is correct, Your Honor. What they did is they put this term in instruction group, which has no meaning in the art, absolutely no meaning in the art. And through the course of this series of exchanges with the Patent Office, they defined the characteristics of this coined term instruction group. It seems to me a bit of an odd way of looking at it. I would have thought that you would not focus on the language instruction group, which doesn't seem to have that much to do with this, but on the language of predetermined position. Why isn't that the correct language to focus on here? The language, as it reads in the claim, always references a predetermined position of an instruction group. And I agree. This case could be argued on either, whether it's the predetermined position within the instruction group or whether it's the definition of the instruction group itself. But the important aspect is that whenever an operand is present... But when we're talking about something being right justified, we're saying the predetermined position is right justified, right? The predetermined position for an operand. For an operand. For instructions, it's not. The instructions can have other predetermined positions. It talks about the claim recites predetermined positions of an instruction or operand. Which you would suggest is the reason for using the more general language. Yes, of course, that's the reason they wanted to get a broader claim that covered both the instructions and operand. But the prosecution history and the specification leave no doubt that an operand, when it's present, is always right justified. Now, I just want to start that we seem to have dispelled this alternative embodiment myth that they put in their blue brief. There is no alternative embodiment. Every embodiment, scribe and specification, always uses right justified operands. Now, in and of itself, that limited disclosure may or may not be sufficient to construe the claim to include right justified operands. But we don't have to view... Well, the claim isn't construed to include it. The claim is construed to only... That's right. The terms of the claim are construed to require right justified operands. But we don't have to construe with just the specification in isolation. We have this entire series of prosecution history sections where the patentee defined this coined term. And you mentioned some of them. The court mentioned some of them when speaking with my opponent here. Are there more than three? There's many. There are many times that... Wait, wait, wait. There's many more than three. There are many times in the prosecution history where the term right justified is used? Either the term right justified or other language that is specific to right justified. What other line? Well, sometimes what they reference is they talk about the remaining bits in the instruction group. That is right justified. There's never been any dispute, either below or on appeal, that when the prosecution history references the remaining bits in the instruction group that that's right justified. And a good example of that is at J353, 354, and 355. And if we... I'm sorry, it's J333, 34, and 35. And on J335 is the language that was discussed before where five lines down it says the processor in the instant case solves this problem by placing the operands always in the same place within an instruction group so they are in a fixed place. It continues on at the bottom of that paragraph. But that doesn't tell you that it has to be right justified. It just says it has to be always the same. You're correct, Your Honor. That in and of itself, absent the disclosure that only has right justified, may say that it could be a fixed place anywhere. But if the court will turn back to J... At the bottom of J333, where they're talking about... In the same reference, they're talking about one of the examples. They say at the bottom there, branches do not use a given number of operand offset bits... I'm sorry, where is this? At the very last line of J333. Branches do not use a given number of operand offset bits, but use the bits remaining in the instruction group. There's no dispute that the bits remaining in the instruction group are always the right justified bits. So they tell the examiner... First they tell the examiner, we're going to use these right justified bits. Then they go on to say, the processor in the instant case solves this problem by placing the operands always in the same place within an instruction group. Well, but that seems to me that you're on weaker ground there because this is one instance in which it's given as an example. Four lines up, the word example. Your Honor, you're correct. It is given as an example there. But if I tell the PTO an example, is that I use the right justified bits, and then I say it's always in the same place, the natural connection between those two is that it's always right justified. And in the same section, they continue on to say the same... June 97 amendment on JA338, just as was discussed before, that's where they cite this famous magic must always language. But what about... We've talked about the accused devices here and the variety of claim construction issues we've had before us. Presumably, is this right justified, the be-all and end-all? Is that the issue that decides infringement? The accused aren't devices. Neither have their operands always right justified, nor do they have the operands always in a fixed place. So you do acknowledge that you can operate this and have left justified operands? Operate... I mean, you can perform, can you accomplish the purposes of the invention with left justified? The inventor didn't think so. When we asked him, we said, would it work with anything other than right justified operands? And he said, no. I believe that you could achieve essentially the same result if you just took all the circuits that are connected to the various pieces in there, you could just cross-wire them, so that you could call the right the left, the left the right, or the middle the right. What your point is, is that the accused device isn't performing the invention because it doesn't always have it right justified. Because it doesn't always have it right justified, nor does it even have what they say here, that the operands are always in a fixed place. That's what I was about to ask you about. If it doesn't have those two alternatives, is that a stipulated fact or a found fact? That right justified is stipulated. No, the other one. Not always in the same place. So that's a factual question, whether it's always in the same place or not? If this court were to rule that that is the proper construction, it would have to go back down. I couldn't ask you to justify that. So it won't be a fact question for very long below, but at this court it is a factual question. Well, if it's not either one of those, then why was it necessary to get the narrower reading about right justification if predetermined position would also mean you win below? Because the language in the prosecution history and the specification was so clear that this is always right justified. Magic. The magic of the invention. This magic is possible because operands must be right justified. That's out of the specification and was quoted twice in the prosecution history. If we turn to the November 1997 amendment, after they told the Patent Office it always has to be in the same place. After they told the Patent Office it always has to be in the same place. On JA355, what they say six lines down... Well, they start on the bottom of JA354 and they say the corresponding language in claim 97, which is the asserted claim, has been rewritten both to make the language more definite and to define the invention better over the prior art. And here's how they define the invention better over the prior art. They say because instructions and data... This is one, two, three, four, five, six. Six lines down where they say because instructions and data, operands or data, that's the operands there, are always optimally aligned. And then they continue. The next sentence, operands are right justified within the instruction register so that they are properly aligned for use. They do not say, in some embodiments, they do not say operands can be. They do not say operands sometimes. There are no words of exemplification here. But even after they have a limited disclosure, they have their first prosecution history exchange where they say they're always in the same place. They have the second prosecution history exchange where they say they're always optimally aligned and they're right justified. They still didn't get this one. They go to the third one, which is found in JA366, and this is the February 98 amendment. And it wasn't until they tied this specific claim language to this magic must always language. The magic is possible because the operands must be right justified. The next sentence says, this means that the least significant bit of the operand is always located in the least significant bit of the instruction register. That is right justified. There's never been any dispute that that says right justified. And I will grant you, in this February 98, they were listing various instructions that supported the claims. But in every instance where they reference an operand, they use extremely strong language. Magic must always. And on the next page, on JA368, they talk about another one of these that uses an operand. The only other one that uses an operand, and it's the short literal. And they say, this instruction requires that the 8 bits to be pushed reside in the last byte of a 4-byte instruction group. The last byte is indisputably, never going to dispute that it's right justified. So they have magic must requires always. The language cannot get any stronger. And this is how they sought to define this coined term instruction group that has no plain and ordinary meaning. This is how they defined that before the Patent Office. There's no reading of this that one of skill and art can take away that it can just be placed elsewhere. Now, I did want to just briefly mention the other aspect of the dispositive term instruction group that we briefed. And that was whether it could cover a 32-bit instruction. But that's not implicated by the judgment, right? The judgment was on the basis, they couldn't meet the claim construction on the term instruction group. And the aspect that we're talking about there goes to the proper definition of that term instruction group. They didn't stipulate, obviously because we lost on that point, that that was part of the judgment. The proper definition of the term that is implicated by the judgment requires that it have this limitation against 32-bit single instruction. But whether we construe this other claim limitation one way or the other doesn't affect the judgment. If the court were to rule against me on the right justified, which was in the stipulation, then we'd set aside the judgment. You would set aside the judgment. Yes, that's correct. But what I wanted to present is if the term instruction group is only going to get defined once in this case, I wanted to make sure that we had at least our opportunity here to appeal on the issue that they've now told the patent office five times what I did want. You don't appeal stray rulings that are implicated by the judgment. You appeal the judgment, the judgment. I agree, Your Honor. I agree with that. But this is the term that is defined, that was disposed of by the judgment. So in other words, if we lose on right justified, which I agree, which should be just clear-cut, and I don't think there's any basis to go against that, but if, Your Honors, go that way, I would not want to be caught in a situation where I go back down to the district court and the definition of instruction group, which was clearly before this court and clearly before that court down below, is res judicata. So if the court wants to say, we're not going to consider that, I'm fine as long as I get my extra chance at that construction. Otherwise, district courts could say, this went up, the definition of the term instruction group went up on appeal, and how it was framed in the statement of issues does not say anything about the instruction group, does not say anything about the limitation to right justified. The statement of the issues say whether the term instruction group was properly defined by the district court. This is in response to that statement of the issues. And my point there is just that the substantive point is that they're pulling a fast one on the district court. They told the district court, in opposition to our arguments, that this 32-bit single instruction was not possibly limiting. They turned around and told the patent office six times over that, that it was. I see I'm out of time, if the court has any questions. Okay, thank you, Mr. Anderson. We have a little bit of time left. Three and five, thank you. We're supposed to have two minutes, not three. The final amendment at page 366, again, where the magic must portion of the patent specification was quoted, again, the premise to that is stated at the bottom of 366. It says, in the January 29, 1998 interview, the examiner desired to know where this aspect of the invention was taught. This is what they just previously defined as groupedness, which, again, is its general concept. Where in the patent it was taught and as filed. And then claims 71, 91, and 97  and operands of concern are located as a predetermined position from a boundary of certain structural groups. Again, the broad concept of the claim. For reference, the examples in the specification that support the claims as amended are cited below. And then they show where micro loop is cited and where skip and immediate and jump and fetch are, in short, literal, are all present. And that is the context of the reference to write justified here, because it was one of those examples. And the fact that the phrase invention appears periodically is always in the context of an invention defined by the broad invention. The broad invention is exemplified by these six examples, the loop, load, short, literal, immediate, jump, micro loop, and so forth. That's the broad concept. And that's what gave the invention its force. It was able to make shorter op codes and shorter instructions save a lot of time. That was the broad concept. And the site of that is getting lost here. Do you agree with your adversary's factual assertion that the accused device also does not put operands at a predetermined position from a boundary? Hmm. I think the answer to that goes to the question of whether it always does that. It has instructions that do put the operand, for example, at a predetermined position relative to the boundary. But not all of the operands do. And of course, the claim doesn't require that. The claim only requires instruction groups include certain instructions, at least one of which. So that's what we're talking about. We're not talking about all instructions in their device or in the claim as well. It's that one instruction that practices this invention of selecting the location of the instruction or operand relative to its position in the group, whether it's here or here or here. It's being selected relative to that position rather than by reference to an address stated in the instruction that says, okay, now go here, go here, go here. We always know where it is because it's always in the same position. That's how they were able to get the advantages of the invention. Okay. Thank you, Mr. Carter. Thank you, Your Honor. That concludes our session for today. All rise. The honorable court is adjourned until tomorrow morning at 10 o'clock.